UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

```
TRACY MCGUINNESS,                )
                                 )
          Plaintiff,             )
     vs.                         )  NO. 1:11-cv-01032-TWP-MJD
                                 )
THE HEALTH AND HOSPITAL          )
CORPORATION OF MARION COUNTY,    )
                                 )
          Defendant.             )
```

**REPORT AND RECOMMENDATION**

This matter is before the Court, *sua sponte*, in response to Plaintiff Tracy McGuinness's continuing failure to comply with Federal Rule of Civil Procedure 4(m). Despite having filed her Complaint approximately one year ago on August 1, 2011, [Dkt. 1], Ms. McGuinness has failed to serve a summons and complaint upon the defendant in this case in violation of the federal rules.

**DISCUSSION**

Federal Rule of Civil Procedure 4(m) provides that, if a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.* To establish good cause that would

warrant the Court granting an extension of time, a plaintiff must at least show "reasonable diligence" in attempting service. *Tremper v. Air-Shields, Inc.*, No. IP00-1080-C-B/S, 2001 W.L. 10000686 *1 (S.D. Ind. Aug. 27, 2001). Absent good cause, Rule 4(m) permits the court to grant a discretionary extension of time for service, particularly where the applicable statute of limitations would bar a later filed action. *Id.* at *2. "The running of the applicable statute of limitations merits close examination, but does not mandate an extension of time." *Id.* Additionally, the Court has the inherent power to sanction conduct which abuses the judicial process, and such power is governed by "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barhnill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir. 1993). "Pursuant to this power, a court may impose the severe sanction of dismissal... if the circumstances so warrant." *Id.*

Even though Ms. McGuinness is *pro se*, that is no excuse for her not to comply with the Federal Rules of Civil Procedure. Ms. McGuinness was issued an order to show cause on May 10, 2012, [Dkt. 4], requiring her to explain her failure to comply with Rule 4(m) and informing her of the potential consequences of her failure to respond and take appropriate action, including dismissal. Ms. McGuinness responded with a statement filed

with the Court on June 1, 2012, acknowledging that she understood the Court's order and assured the Court that she would serve a copy of the complaint on the defendant. [Dkt. 5.] Although Ms. McGuinness did not demonstrate good cause for her failure to timely serve the summons and complaint on the defendant, the Court, within its discretion, permitted her an extension of time. However, it has been two months since she responded to the order to show cause and she still has not served the defendant. While *pro se* litigants benefit from various procedural protections not otherwise afforded to attorney-represented litigants, "being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders." *Downs v. Westphal*, 78 F.3d 1252, 1256 (7th Cir. 1996).

Ms. McGuinness has had a year to serve the defendant with a summons and copy of the complaint, and was provided with notice of and an appropriate opportunity to correct this deficiency. I therefore recommend that this matter be dismissed, without prejudice, due to Ms. McGuinness's failure to comply with Federal Rule of Procedure 4(m). While I recognize that the applicable statute of limitations has already run on Ms. McGuinness's Americans With Disabilities Act claim, she has been provided with ample notice and time to comply with Rule 4(m), and dismissal is appropriate under these circumstances.

**CONCLUSION**

For the reasons stated above, the Magistrate Judge recommends that Plaintiff Tracy McGuinness's claims in this matter be **DISMISSED WITHOUT PREJUDICE**.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, and failure to file timely objections within fourteen days after service of this Report and Recommendation shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:   07/31/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

TRACY MCGUINNESS
707 E. 84th Street
Indianapolis, IN 46240